Filed 10/28/14  P. v. Marquez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C073809 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF12358) |
| v. | |
| JULIAN BERNARDO MARQUEZ, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant Julian Bernardo Marquez molested E.L., his step-granddaughter, when she was five or six years of age.  At that time, E.L. spent the night with her grandparents about once a week and slept either on the couch or in the spare room.  The first time

1

defendant molested E.L., she had fallen asleep with her grandmother in her grandparents' bedroom. E.L. was awakened by defendant who was touching her vagina with his fingers. She said nothing and her grandmother remained asleep. On another occasion, E.L. fell asleep on the floor in her grandparents' bedroom and was awakened by defendant who was touching her vagina with his hands and fingers. On a separate occasion, E.L. fell asleep on the bed in the spare room and was awakened by defendant touching her vagina with his hands and fingers. E.L. said defendant had touched her with his fingers on her vagina about once a month when she was in kindergarten but she could not recall the details of these other incidents. E.L. recalled one other incident when she was six years old. Defendant awakened her and when he tried to put his hands down her pants, E.L. moved away from him and he was unable to molest her. He never touched her again.

E.L. did not tell anyone about these incidents. After the first incident, she was afraid and thought no one would believe her. In the eighth grade, she told some of her friends and they convinced her to tell her mother. E.L. did so by writing a letter to her mother.

When interviewed by the police after he was arrested, defendant admitted that when E.L. was very young, she often slept with him and his spouse in their bed. Initially, defendant denied any improper touching of E.L. but eventually admitted he had touched her with his hand under her underwear more than 10 times.

Defendant's sisters, 57-year-old J.L. and 55-year-old L.S., and his daughter, 42-year-old T.M., testified that when they were around seven years of age, defendant molested them. With J.L., defendant's conduct progressed to sexual intercourse when she was just eight years of age and ended when she was 14 years of age and five months pregnant. Defendant's third incident of sexual conduct with L.S. was interrupted by J.L. and after that, there were no additional incidents. With T.M., defendant had her touch him when she was three or four years of age. He attempted sexual intercourse with her

2

when she was seven years old. The last incident occurred when she was 10 or 11 years of age, when defendant put his penis in her mouth until he ejaculated.

Defendant's other daughters, C.M., A.W., and J.K., testified that defendant never molested them. However, both C.M. and A.W. confirmed that he had admitted to them that he had molested his sisters and his daughter T.M.

The 65-year-old defendant testified and admitted some of the sexual conduct with his sisters and T.M. With respect to E.L., defendant claimed he put Vaseline on her vagina because she complained her vagina was "stinging" and touched her vagina 10 times but did so when he was cleaning her. He admitted that when she slept in his bed, he touched E.L.'s vagina four times in a sexual manner, describing his state of mind as "like a little spell type of thing."

The court found defendant guilty of five counts of committing lewd and lascivious conduct upon a child under the age of 14 years (E. L.) (Pen. Code, § 288, subd. (a); counts 1 through 5) and one count of attempted lewd conduct upon the same child (Pen. Code, §§ 664/288, subd. (a); count 11). The court acquitted defendant on five more counts of lewd conduct upon E.L. (counts 6 through 10).

The court sentenced defendant to state prison for an aggregate term of 15 years, consisting of the midterm of six years on count 1, a consecutive two-year term (one-third the midterm) on counts 2 through 5, each, and a consecutive one-year term (one-third the midterm) on count 11.

Defendant appeals.

### *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days

3

of the date of filing of the opening brief. More than 30 days have elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                                                     _____MURRAY_____, J.


We concur:


_____RAYE_____, P. J.


_____DUARTE_____, J.

4